IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CMDS RESIDENTIAL, LLC | Civil Action No. CCB-21-1774 |
| v. | |
| MAYOR AND CITY COUNCIL OF BALTIMORE | |

## MEMORANDUM

CMDS Residential brought the present action against the Mayor and City Council of Baltimore. CMDS alleges the City violated its constitutional rights and various anti-discrimination statutes by denying CMDS the ability to open a residential drug treatment facility. (ECF 1.) On February 17, 2022, the court denied both the City's motion to dismiss and CMDS's motion for a preliminary injunction. (ECF 35.) During discovery, CMDS served a subpoena *duces tecum* on the Westfield Neighborhood Improvement Association ("WNIA"). (ECF 43-1.) The subpoena included several requests for documents related to discussions WNIA had about CMDS and the drug treatment facility. (*Id.*) CMDS alleges WNIA harbored discriminatory views against those recovering from addiction, and that WNIA persuaded public officials to deny CMDS the right to operate its facility based on these views. (ECF 1 at ¶ 164.) After WNIA refused to produce the documents, CMDS filed the present Motion to Compel Compliance. (ECF 43.) WNIA opposed the motion, claiming that the First Amendment protected against this type of compelled disclosure. (ECF 45.) CMDS replied (ECF 46), and the motion is now ripe for adjudication.[1] For the reasons

---

[1] The court held a conference call on June 30, 2022, where counsel for CMDS, the City, and WNIA presented their respective positions. The topic of WNIA's record retention was discussed. Some of WNIA's emails have been deleted as part of the ordinary course of operation. As mentioned during the conference call, the court directs WNIA to retain all documents potentially relevant to this litigation.

1

outlined below, the court will deny CMDS's motion as to Requests 1, 5, 6, and 7. The court will grant in part CMDS's motion as to Requests 2, 3, and 4 subject to the limitations and modifications described below.

A district court must quash or modify a subpoena that requires the disclosure of privileged matter if no exception or waiver applies. *See* Fed. R. Civ. P. 45(d)(3)(A). In some circumstances, a party may invoke the First Amendment in refusing to comply with a subpoena. In deciding whether WNIA may rely on the First Amendment, the court is guided by the two-part test summarized in *Pulte Home Corp. v. Montgomery Cnty. Maryland*, 2017 WL 1104670, at *3 (D. Md. Mar. 24, 2017).[2] Under the first prong, the party invoking the First Amendment must make a *prima facie* showing that compelled disclosure would "chill associational rights." *Id.* at *4. The second prong requires the court to balance the First Amendment interests against the requesting-party's need for the information. *Id.* at *8.

Here, WNIA has made a *prima facie* showing under the first prong. There is an "objectively reasonable probability" that disclosure of the group's communications would chill its associational rights. *See id.* at *4. An affidavit by Angela Jancius, the President of WNIA, describes the difficulties faced by the group once residents learned of the present litigation. (ECF 45-1.) Although CMDS contends it has no intention of naming WNIA as a defendant, CMDS's subjective litigation strategy is irrelevant to the *prima facie* inquiry, which only asks if there is an "objectively reasonable probability" of a chilling effect. The court finds that compelling disclosure of the group's communications under any of CMDS's requests is reasonably likely to discourage neighbors from participating in the group.

---

[2] Judge Sullivan's opinion in *Pulte* provides a comprehensive summary of the relevant case law and applies that authority to a situation similar to the present dispute. Neither CMDS nor WNIA appear to disagree that *Pulte* is on point, as both parties rely on the case in their respective motions.

2

Under the second prong, the court must balance the First Amendment interests at stake against CMDS's need for the information.

Request No. 1: CMDS's first Request seeks documents involving WNIA's *internal* communications about the residential treatment facility. The City could not have relied on communications that remained internal to WNIA. Just as in *Pulte*, documents that were not sent to the defendant cannot be "central to [CMDS'] claims because if the [City] did not consider it, it could not have influenced [the allegedly impermissible] actions." *See* 2017 WL 1104670, at *9. Additionally, First Amendment protections are strongest where disclosure might illuminate internal political strategies that WNIA "employed in the past or will employ in the future." *Id.* at *12. Accordingly, CMDS's motion to compel compliance as to this Request is Denied.

Request No. 2: CMDS's second Request is much more relevant to its claims because it seeks communications between WNIA and the City. CMDS's interest in obtaining WNIA's communications with relevant public officials outweighs the constitutional burden of disclosure. "These communications will be evidence of what information the [City and its representatives] had available for consideration in making their decisions, which is relevant to [CMDS's] claims." *See Pulte*, 2017 WL 1104670, at *11. CMDS alleges that the City denied CMDS the right to operate the treatment facility "only after [WNIA] members expressed concern about having recovering addicts in their neighborhood." (ECF 1, Compl. at ¶ 164.) Communications between WNIA and the City are relevant to whether the City's zoning decisions were a mere pretext for unconstitutional discrimination. *See Pulte*, 2017 WL 1104670, at *11. In its previous decision denying the City's motion to dismiss, the court concluded CMDS had plausibly alleged facts sufficient to state a claim under various constitutional and statutory causes of action. (ECF 35.) This Request is relevant to substantiating those allegations, and WNIA has less of a First

Amendment interest in protecting its external communications with a third-party.[3] Accordingly, CMDS's motion to compel as to this Request is Granted.[4]

Request No. 3: CMDS's third Request is overbroad to the extent it seeks documents related to communications between WNIA and non-public officials. Only communications between WNIA and public officials are relevant to CMDS's claims. In this Request, CMDS has properly sought documents related to WNIA's communications with State Senator Cory McCrary and other *public* officials. But CMDS may not, for example, seek documents related to WNIA's communications with residents of the neighborhood or other individuals. Accordingly, CMDS's motion as to this Request is Granted in part, subject to the limitations set forth in this Order.

Request No. 4: CMDS's fourth Request seeks "all documents" concerning "any opposition" to CMDS. For the reasons described above, this Request is overbroad because it includes documents unrelated to the City and its decision-making. This Request is permissible only to the extent CMDS seeks relevant documents transmitted between WNIA and public officials. Accordingly, CMDS's motion as to this Request is Granted in part, subject to the limitations set forth in this Order.

Request No. 5: CMDS's fifth Request is overbroad and requests documents unrelated to the City's decision-making at issue. This Request includes WNIA's internal communications, which trigger a heightened First Amendment interest. CMDS's motion as to this Request is denied.[5]

---

[3] Although CMDS will receive some of this information through discovery with the City, some materials may have not been retained or recorded by the City.

[4] Certain documents may contain information about external communications with the City in addition to internal communications concerning WNIA's political strategy. WNIA may redact the parts of those documents that are unrelated to communications between WNIA and the City or relevant public officials.

[5] To the extent this Request seeks documents relating to the decisions of the public officials at issue, CMDS's other Requests will ensure it has access to those documents.

Request No. 6: CMDS's sixth Request is no different, as it is overbroad and requests documents unrelated to the City's decision-making at issue. This Request would compel disclosure of WNIA's internal communications, triggering a heightened First Amendment interest. Accordingly, CMDS's motion as to this Request is denied.

Request No. 7: CMDS's seventh Request is overbroad, and would compel disclosure of WNIA's internal communications. To the extent WNIA's "file" contains relevant information, other Requests—as modified by this Order—would allow CMDS access to those documents. Accordingly, CMDS's Motion as to this Request is Denied.

\*\*\*

A separate Order follows.

7/13/22
Date

Catherine C. Blake
United States District Judge