IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CMDS RESIDENTIAL, LLC<br>*Plaintiff*<br><br>v.<br><br>MAYOR AND CITY COUNCIL OF BALTIMORE<br>*Defendant* | Civil Action No. CCB-21-1774 |

## MEMORANDUM

CMDS Residential brought the present action against the Mayor and City Council of Baltimore. CMDS alleges the City violated its constitutional rights and various anti-discrimination statutes by denying CMDS the ability to open a residential drug treatment facility. (ECF 1, Compl.) During discovery, CMDS served a subpoena *duces tecum* on the Westfield Neighborhood Improvement Association, Inc. ("WNIA"). (ECF 43-1, WNIA Subpoena.) The subpoena contained several requests for documents related to discussions WNIA had about CMDS and the drug treatment facility. (*Id.*) After WNIA refused to produce the documents, CMDS filed a motion to compel compliance. (ECF 43).

On July 13, 2022, this court granted in part and denied in part CMDS's motion. (ECF 49, Mem; ECF 50, Order.) But WNIA has not yet produced the required documents. (ECF 53, Pl. Opp.'n to Mot. for Recons., at 3.) On July 29, 2022, WNIA filed the present motion to reconsider the court's order on CMDS's motion to compel. (ECF 51, WNIA Mot. for Recons.) CMDS filed an opposition (ECF 53, Pl. Opp'n to Mot. for Recons.), and WNIA filed a reply (ECF 56, WNIA Reply). No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons outlined below, WNIA's motion for reconsideration is denied.

1

First, WNIA's motion seeks to relitigate the court's prior ruling by raising an entirely new legal theory based on the "witness litigation privilege." WNIA may not use a motion for reconsideration to get a proverbial "second bite at the apple." *See Broadvox-CLEC, LLC v. AT&T Corp.*, 98 F. Supp. 3d 839, 850 (D. Md. 2015) (citations omitted). Motions for reconsideration are "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). WNIA has not identified an intervening change in controlling law, nor offered new evidence previously unavailable, nor shown clear error resulting in manifest injustice. Accordingly, WNIA's motion falls short of the procedural requirements of Federal Rules of Civil Procedure 59(e) and 60(b), which guide analysis of motions under Rule 54(b). *See Broadvox-CLEC, LLC*, 98 F. Supp. 3d at 850; *see also Robinson v. Wix Filtration Corp. LLC*, 599 F.3d 403, 411 (4th Cir. 2010).

Second, WNIA's motion is substantively unpersuasive. WNIA's primary cases make clear that the "witness litigation privilege" grants a testifying witness immunity from civil liability *for damages*. *Briscoe v. LaHue*, 460 U.S. 325, 331 (1983) ("[W]itnesses ha[ve] an absolute privilege . . . from *subsequent damages liability* for their testimony in judicial proceedings."); *Day v. Johns Hopkins Health System Corp.*, 907 F.3d 766, 771 (4th Cir. 2018) ("When a witness takes the oath, submitting his own testimony to cross-examination, the common law does not allow his participation to be deterred or undermined by subsequent collateral *actions for damages*.") (emphasis added). Neither case protects a witness from complying with a subpoena *duces tecum*. WNIA contends the "damage" here is the chilling effect that compliance would have on the residents' associational rights. (ECF 56, WNIA Reply, at 5.) But the Supreme Court and Fourth Circuit do not speak in metaphor; the "damages" at issue in *Briscoe* and *Day* surely refer to

*monetary* damages, not some abstract concept of harm. WNIA has not been named as a defendant in this proceeding and faces no risk of monetary liability.

Third, the witness litigation privilege "does not encompass non-testimonial pretrial conduct." *Est. of Bryant v. Baltimore Police Dep't*, Civil No. ELH-19-384, 2020 WL 673571, at *16 (D. Md. Feb. 10, 2020).[1] This court's prior order granted CMDS's request to compel the production of documents relating to communications between WNIA and City officials. (ECF 50.) These documents, potentially in the form of emails prior to the public hearing, concern non-testimonial pretrial conduct. Accordingly, the witness litigation privilege would not extend to these documents.[2]

For the foregoing reasons, WNIA's motion for reconsideration will be denied.[3] A separate Order follows.

8/17/22
Date

CCB
Catherine C. Blake
United States District Judge

---

[1] Unreported cases are cited for the soundness of their reasoning, not for any precedential value.

[2] That CMDS intends to depose a representative of WNIA has no relevance in determining whether the court should reconsider its order on CMDS's motion to compel. If WNIA believes it has legitimate grounds to seek a protective order from CMDS's deposition, it may do so in a separate motion.

[3] The court need not resolve whether WNIA's motion to reconsider was untimely under Local Rule 105.10 and the Federal Rules of Civil Procedure.