## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

CMDS RESIDENTIAL, LLC
*Plaintiff*,

            v.                                        Civil Action No. CCB-21-1774

MAYOR AND CITY COUNCIL OF
BALTIMORE
*Defendant.*

---

## **MEMORANDUM**

CMDS Residential brought this action against the Mayor and City Council of Baltimore after the City declined to allow CMDS to open a residential drug treatment facility. CMDS contends the City's decision relied on allegedly discriminatory views from community members who "did not want recovering addicts in their neighborhood." *See* ECF 1, Compl. ¶ 83.

CMDS sought discovery from various neighborhood associations. The neighborhood groups steadfastly opposed nearly every request. In March 2022, CMDS served a subpoena *duces tecum* on the Westfield Neighborhood Improvement Association, Inc. ("WNIA"). *See* ECF 43-1, WNIA Subpoena. The subpoena requested documents concerning discussions WNIA had about CMDS and the drug treatment facility. *Id.* WNIA refused to produce the documents, so CMDS filed a motion to compel compliance. *See* ECF 43, Mot. to Compel. The court granted in part and denied in part CMDS's motion. *See* ECF 50, Order. Though the court ordered WNIA to produce documents exchanged between the neighborhood group and the City, the court declined to make WNIA produce *internal* documents and communications. *See* ECF 49, Mem. The court denied WNIA's motion for reconsideration. ECF 58, Order.

Now pending are two additional discovery disputes between CMDS and third-party neighborhood groups. First, CMDS moves to compel the North Harford Road Community Association, Inc. ("North Harford") to comply with a subpoena *duces tecum*. ECF 61, Pl.'s Mot. to Compel Compliance. Second, WNIA moves for a protective order to avoid participating in a Rule 30(b)(6) deposition. ECF 62, Mot. for Protective Order. The motions are fully briefed and no hearing is necessary. *See* Local Rule 105.6.

For the following reasons, the court will grant CMDS's motion to compel North Harford's compliance with a subpoena *duces tecum*. The court will grant WNIA's motion for a protective order concerning the request for a 30(b)(6) deposition.

## DISCUSSION

### 1. CMDS's Motion to Compel Compliance with Subpoena *Duces Tecum*

In July 2022, CMDS served North Harford with a subpoena requesting documents that "concern, describe, summarize, or memorialize" communications about CMDS exchanged between North Harford and relevant public officials. ECF 61-1, Ex. A at 3. By requesting only documents concerning *external communications* between North Harford and the City, CMDS's subpoena respects the framework set by the court's prior decisions. *See* ECF 49 at 3. No legally significant distinctions exist between North Harford and WNIA. Both neighborhood associations allegedly influenced the City's decision challenged by CMDS. "Communications between [neighborhood associations] and the City are relevant to whether the City's zoning decisions were a mere pretext for unconstitutional discrimination." *Id.* (citing *Pulte Home Corp. v. Montgomery Cnty.*, 2017 WL 1104670, at *11 (D. Md. Mar. 24, 2017)). WNIA's eventual production of documents does not make North Harford's documents less relevant. Further, the court has already considered and rejected North Harford's arguments concerning the "witness litigation privilege." *See* ECF 57, Mem., at 2–3.  Accordingly, the court will grant CMDS's motion to compel.

**2. WNIA's Motion for a Protective Order**

WNIA moves the court for a protective order to shield its members from being deposed by CMDS. ECF 62. Under Rule 26(c)(1), the court may issue an order protecting "a party or person from annoyance, embarrassment, oppression, or undue burden or expense" during discovery. *See* Fed. R. Civ. P. 26(c)(1). Courts must give "nonparty status 'special weight,' leading to an even more 'demanding and sensitive' inquiry than the one governing discovery generally." *Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 189 (4th Cir. 2019) (citation omitted).

WNIA argues CMDS's deposition request undermines the group's First Amendment right to association. In resolving this dispute, the court relies on the familiar two-part test from *Pulte*, 2017 WL 1104670, at *3. Under the first prong, the party invoking the First Amendment must make a *prima facie* showing that compelling participation in discovery would "chill associational rights." *Id.* at *4. The second prong requires the court to balance the First Amendment interests against the requesting-party's need for the information. *Id.* at *8.

The court already found WNIA can make a *prima facie* showing under the first prong. *See* ECF 49 at 2 ("[C]ompelling disclosure of the group's communications under any of CMDS's requests is reasonably likely to discourage neighbors from participating in the group."). The only question is whether CMDS's need for the deposition outweighs the risk of chilling community participation in neighborhood groups like WNIA. In its previous decision, the court ordered WNIA to comply with CMDS's request for documents concerning WNIA's external communications with the City. After balancing the potential chilling effect of compelling disclosure, the court found CMDS's need for WNIA's communications with the City outweighed WNIA's First Amendment interests. *Id.* at 3–4.

Depositions are different. First, the threat of being deposed increases the risk of a chilling effect. Community members may not want to participate in groups like WNIA if their advocacy

could require them to sit for a deposition. Requiring WNIA to produce documents was less burdensome. Complying with CMDS's subpoena for documents may have involved searching through emails for readily identifiable terms and recipients. Sitting for a deposition is much more onerous. Some participants may need to miss a day of work. Others may need to arrange additional childcare. Even those with flexible schedules may find the process onerous. Testifying under oath about statements and advocacy made months prior adds additional pressure. These obligations may make community members think twice about joining their local neighborhood associations.

Second, deposing a WNIA representative is unlikely to provide CMDS with relevant information beyond what WNIA's documents revealed already. The court did not require WNIA to produce internal documents or communications within the group. *Id.* at 3 ("First Amendment protections are strongest where disclosure might illuminate internal political strategies[.]"). After all, CMDS is challenging *the City's* decision-making process—WNIA's advocacy is relevant only to the extent the group influenced the City's decision. While a deposition may illuminate the group's internal motivations and thoughts, that information does not show how *the City* acted with discriminatory intent. To be sure, deposing WNIA's members may help CMDS "discover pertinent communications [between WNIA and the City] not reduced to writing." ECF 64 at 9 n.3. But CMDS can learn that same information by deposing the City officials who received the communication. *See Jordan*, 921 F.3d at 189 ("[T]he requesting party should be able to explain why it cannot obtain the same information, or comparable information that would also satisfy its needs, from one of the parties to the litigation[.]").

Accordingly, WNIA's motion for a protective order will be granted.

|  |  |
|---|---|
| ___11/4/2022___ | _____/s/_____ |
| Date | Catherine C. Blake |
|  | United States District Judge |

4