# Exhibit 67

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| IN THE MATTER OF THE PETITION<br>OF: CMDS RESIDENTIAL, LLC<br><br>6040 HARFORD RD.<br><br>Appeal No. 2020-011<br>Hearing Date: May 4, 2021 |  | Baltimore City Board of Municipal<br>& Zoning Appeals<br><br>Kathleen Byrne<br>Acting Executive Director<br>417 E. Fayette Street, Room 922<br>Baltimore, MD 21202<br>Phone: 410-396-4301 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## RESOLUTION

This matter comes before the Baltimore City Board of Municipal & Zoning Appeals ("Board") on appeal from the Zoning Administrator for Baltimore City denying CMDS Residential, LLC's ("Appellant") application on January 15, 2021 to use the premises at 6040 Harford Road ("Property") as a residential care facility for 17 or more residents.

## BACKGROUND

The Property is located in a C-2 Zoning District in Baltimore City. On June 8, 2017, the Board granted an appeal from the Property's prior owner, to "use this former nursing home facility for a 38-resident assisted living facility and 90-client medical adult day care facility with twenty-one (21) off-street parking spaces," *see BMZA Appeal No. 2017-195.* The prior owner submitted architectural plans and was issued a building permit by the Department of Housing and Community Development (DHCD) on November 20, 2017. On April 12, 2019, the prior owner sold the Property to the Appellant.

Appellant filed this appeal to the Board on December 16, 2020 and appeared for a public hearing on April 6, 2021. A large number of community residents testified and submitted letters in opposition to the Appellant's request. The Board also received several letters in support of the application. Board staff and the Baltimore City Planning Department prepared memoranda evaluating the appeal.

The Appellant testified to a number of reasons why the Board should grant its request. First, that its right to use the Property as a residential care facility for 17 or more residents was in effect, granted by *BMZA Appeal No. 2017-195,* and that its right was vested when the prior owner was issued building permit 2017-04946; and that under Maryland case law, an intensification of a previously granted conditional use does not require additional Board approval. Second, that officials at DHCD caused the Appellant to believe, to its detriment, that it already had the right to use the Property as a 136-bed residential substance abuse treatment facility (i.e. equitable estoppel). Finally, Appellant argues that if the Board were to find that the proposed use is new, and not merely an intensification of an already approved use, then the Board should grant the conditional use, based on the factors laid out by the Maryland Court of Appeals in *Schultz v. Pritts, 291 Md. 1 (1981).*

Opponents make numerous objections to the proposed use. First, they argue that the proposed use is an entirely different use than what was approved by *BMZA Appeal No. 2017-195;* and that the proposed conditional use can only be approved by City Council Ordinance.

Second, that the conditional use granted by *BMZA Appeal No. 2017-195* had lapsed or been discontinued. Lastly, opponents focus on the public safety issues associated with siting drug-treatment facilities among residential districts.

After testimony concluded, but prior to deliberations, the Board requested that the Appellant and an attorney representing the opposition prepare written briefs to answer a preliminary question: **whether the Board has the legal authority to grant the Appellant's request or whether conditional approval must instead be granted by a City Council Ordinance.**

On May 10, 2021, the Appellant and opposition submitted briefs to the Board. On May 18, 2021, during its general meeting, the Board deliberated and voted to unanimously disapprove the appeal by a vote of four to zero.

## DISCUSSION

Before it can consider the various arguments for and against the proposed conditional use, the Board must first answer a preliminary question: whether Appellant's proposed use is different than the conditional use granted by *BMZA Appeal No. 2017-195*. This question requires the Board to compare Baltimore's prior Zoning Code ("1971 Zoning Code"),[1] under which *BMZA Appeal No. 2017-195* was decided,[2] to today's Zoning Code ("Zoning Code" or "ZC").[3] As Appellant's arguments rely on a conditional use granted prior to the enactment of the current Zoning Code, *ZC § 2-203 (Transition Rules)* governs how the Board should evaluate the application, *see below*.

### ZC §2-203(j)- *Previously granted variances and conditional uses.*

(1) All variances and conditional uses granted before June 5, 2017, or before the effective date of any relevant amendment to this Code remain effective, and the recipient of the variance and conditional use may proceed to develop the property in accordance with the approved plans.

(2) However, if the recipient fails to act timely on the variance or conditional use, as required by § 5-309 {"Expiration of approval"} or § 5-407 {"Expiration of approval"} of this Code, the provisions of this Code govern and the approval is invalid.

(3) Any subsequent change to a conditional use, including any addition, expansion, relocation, or structural alteration, is subject to the procedures and requirements imposed by this Code on conditional uses.

### ZC §2-203(k) - *Pending applications.*

*(1) An application that has been submitted and considered complete before June 5, 2017, or before the effective date of any relevant amendment to this Code is governed by the Code provisions in effect when the application was submitted.*

---

[1] Baltimore City Council Ordinance No. 1051, approved April 21, 1971.
[2] BMZA Appeal No. 2017-195 was decided under the 1971 Zoning Code, as all materials had been submitted and considered by the Board prior to the enactment of the current Zoning Code, see ZC § 2-203(k)(1).
[3] BALT. CITY MUNI. CODE, ART. 32 (2021).

(2) A new application submitted after June 5, 2017, or after the effective date of any relevant amendment to this Code is governed by the Code provisions in effect when the application was submitted.

(3) If a pending application is modified after its submittal, the Zoning Administrator must review the application to determine if the proposed modifications constitute a new application. If the Zoning Administrator determines that the modifications constitute a new application, the application must be resubmitted under the Code provisions then in effect at the time of resubmittal.

Appellant proposes to use the Property as a 136-bed residential substance abuse treatment facility. Under the current Zoning Code, such a use would fall under ZC §14-334, "residential-care facility for 17 or more residents." In contrast, if Appellant's application was submitted under the 1971 Zoning Code, the proposed use would fall under §1-181.1, "residential substance-abuse treatment facility."

Rather, in 2017, the prior owner applied for and was granted conditional approval to use the property as a "38-resident *assisted-living facility*" and a "90-client medical *adult day care* facility [emphasis added]." This is key as both assisted-living[4] and day-care facilities are listed as distinct, separate uses under the 1971 Zoning Code, see §1-129 (Convalescent Home) and §1-131 (Day Care Home). The Board finds these facts persuasive in deciding that the use applied for today is not the same that was granted by *BMZA Appeal No. 2017-195*. Had the prior owner contemplated the same use for the property as the Appellant, then under the 1971 Zoning Code, the prior owner would have applied to use the Property as a residential substance-abuse treatment facility.

Appellant argues that because all three uses from the 1971 Zoning Code (i.e., convalescent home, day care home, and substance abuse treatment facility) would fall under the same use in today's Zoning Code, that the Board should grandfather the Property's last authorized use into the language of today's Zoning Code (i.e. residential care facility). However, the Board does not find this argument persuasive. Had the Board desired to grant the prior owner the ability to use the premises as a substance abuse treatment facility in 2017, it had an explicit code section that it could have pointed to in its resolution. Instead, it chose to grant two separate uses to the prior owner. The fact that the uses granted by *BMZA Appeal No. 2017-195* would fall under a different category today does not require these uses to be "grandfathered" into the language of today's Zoning Code. Indeed, the Board takes note of the fact that properties all over Baltimore still have valid, authorized uses using language from the 1971 Zoning Code.

Appellant relies on ZC §2-203(j)(1) and the fact that permits were issued following the Board's approval of *BMZA Appeal No. 2017*-195 as a foundation for both its vesting and intensification of use arguments. However, the opposition rebuts this point in its brief, relying on ZC §2-203(j)(3), which states that, "any subsequent change to a conditional use, including any addition, expansion, relocation, or structural alteration, is subject to the procedures and requirements imposed by this Code on conditional uses." In other words, any conditional use granted prior to the enactment of today's Zoning Code is valid, up until the point that there is a

---

[4] An assisted living facility is cross listed as a convalescent home under the 1971 Zoning Code.

City4

subsequent change. Once a change, alteration, etc. occurs, new conditional use approval is required.

The Board finds this argument especially persuasive. In 2017, the Board relied on the plans submitted by the prior owner (*plans no. 2017-495*) when it granted use of the Property as an adult day care on the first floor and a 38-resident assisted living facility on the second floor. Interestingly, had the Appellant applied for a Use and Occupancy permit to use the Property as an adult day-care and assisted living facility, the Board would have no legal authority to prevent it, *see* ZC §2-203(j)(1).

Instead, the Appellant filed new plans (*plans no. 2019-931*) with DHCD and the code explicitly states that any addition, expansion, relocation, or structural alteration requires new Board approval, see ZC §2-203(j)(3.) The Board finds by compelling evidence that the Appellant is proposing such an "addition, expansion, relocation, or structural alteration." A thorough examination of both sets of plans leaves no doubt in the Board's mind that the prior owner and the Appellant conceptualized different uses for the Property.

As the Appellant submitted its new plans years after the current Zoning Code went into effect, the application must be evaluated under today's Zoning Code. Under the current code, Appellant is requesting a conditional use authorization to use the premises as a Residential Care Facility for 17 or more residents. Under ZC 10-901 and Table 10-301, Residential Care Facility for 17 or More Residents is listed as a conditional use, subject to City Council approval. Therefore, the Board finds that it does not have the legal authority to grant the Appellant's request, and that conditional approval may only be granted by City Council Ordinance.

As the Board finds that it does not have the authority to proceed with the proposed conditional use application, the Appellant's other arguments (i.e., intensification of use, vesting, equitable estoppel, and a standard conditional use analysis) will not be addressed by the Board at this time.

On review of the file, testimony, and evidence submitted in support of this conditional use application; and pursuant to the voting requirements of ZC §3-202(l) and Md. Land Use Code Ann. §22-207, the Board finds by competent evidence that Appellant's request does not meet the requirements of the Zoning Code of the City of Baltimore.

[REST OF PAGE INTENTIONALLY LEFT BLANK]

For the reasons set forth above, and after giving public notice, reviewing the zoning records, holding a public hearing, considering all data submitted, and by authority of Ords. 16-581 and 17-015, enacted and corrected effective June 5, 2017, known as Article 32 Zoning,

IT IS this 17th day of June, 2021, by the Baltimore City Board of Municipal and Zoning Appeals, hereby

**RESOLVED**, that Appellant's request to use the Property as a residential care facility for 17 or more residents is **DENIED**.

DO NOT START WORK OR USE THE PROPERTY UNTIL YOU OBTAIN A BUILDING OR A USE & OCCUPANCY PERMIT FROM THE DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT. YOU HAVE **ONE YEAR** FROM THE DATE OF THIS RESOLUTION TO OBTAIN A BUILDING PERMIT OR A USE & OCCUPANCY PERMIT.



Kathleen Byrne
Acting Executive Director