IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CMDS RESIDENTIAL, LLC,<br><br>v.<br><br>MAYOR AND CITY COUNCIL OF BALTIMORE. | Civil Action No. CCB-21-1774 |

### MEMORANDUM

Now pending before the court is the City's motion to stay this case pending resolution of a state court petition for judicial review of administrative action instituted by CMDS after the court abstained from deciding the same claim in this federal action. The City contends that the outcome of the state court action will have a direct bearing on the federal claims remaining in this suit. Mot., ECF 96-1. CMDS opposed a stay, Opp'n to Mot., ECF 97 ("Opp'n"), and the City replied, Reply in Supp. of Mot., ECF 98 ("Reply"). The motion is now ripe for resolution and no oral argument is necessary. *See* Local Rule 105.6. For the following reasons, the motion to stay will be denied.

### BACKGROUND

The factual background of this case is developed in detail in the court's summary judgment ruling and need not be repeated here. *CMDS Residential, LLC v. Mayor & City Council of Balt.*, __ F. Supp. 3d __, 2024 WL 382633 (D. Md. Feb. 1, 2024). At its core, the case involves allegations that Baltimore City employees and government officials wrongfully denied CMDS a use and occupancy ("U&O") permit to operate a residential substance-abuse treatment facility in deference to community opposition rooted in discriminatory beliefs about CMDS's prospective clients.

In resolving the parties' cross-motions for summary judgment, the court denied summary judgment on most of CMDS's Americans with Disabilities Act ("ADA") claims, its Fair Housing Act ("FHA") claim, and its equal protection claim, reasoning that there were genuine disputes of material fact from which a jury could or could not find the City liable. Furthermore, the court abstained from CMDS's petition for judicial review of the City Board of Municipal and Zoning Appeals's ("BMZA") decision to affirm the denial of CMDS's U&O permit application, determining instead that deciding that claim would require the court to impinge on the interpretation of policies that are uniquely the province of local government. Following the court's decision, CMDS instituted a state court judicial review proceeding to appeal the BMZA's denial decision. *In re CMDS Residential, LLC*, No. 24-C-24-000997 (Cir. Ct. Balt. City Feb. 27, 2024).

The City responded by filing the instant stay motion, arguing that the result of the state court proceeding "will have a direct bearing" on CMDS's remaining federal claims. Mot. at 1. CMDS contends that the two proceedings involve separate legal issues and can therefore proceed simultaneously. Opp'n at 3-9.

## LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Properly exercising this discretion requires the court to "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55. Courts generally consider three or four related factors when analyzing a motion to stay: (1) "the length of the requested stay;" (2) "the hardship that the movant would face if the motion were denied;" (3) "the burden a stay would impose on the nonmovant;" and (4) "whether the stay would promote judicial economy by avoiding duplicative litigation." *Stone v. Trump*, 356 F. Supp. 3d 505, 517 (D. Md.

2018) (quoting *Donnelly v. Branch Banking & Tr. Co.*, 971 F. Supp. 2d 495, 501 (D. Md. 2013)); *see Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 731 (D. Md. 2018) ("*IRAP*") (listing similar elements). The burden is on the party seeking a stay to "justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." *IRAP*, 323 F. Supp. 3d at 731 (quoting *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).

## ANALYSIS

Considering these factors, the court concludes that the City has not met its burden to justify a stay. Because the relevant considerations are interrelated, the court blends factors 1 and 3 and balances them against factors 2 and 4.

"A non-moving party can suffer prejudice when a stay is reasonably expected to cause a significant delay in proceedings." *Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 527-28 (E.D. Va. 2018) (citing cases finding that six-month and indeterminate delays cut against granting stay). The City requests an indefinite stay while the state court proceedings play out. Mot. at 2. There is no real dispute that the state litigation will continue for more than a year, as both sides are likely to appeal an adverse decision. *See* Opp'n at 13. CMDS contends that this delay would be prejudicial to it given the existing length of this litigation, especially including the administrative process that preceded it. *Id.* at 12 (noting that its suit "concerns matters that began six years ago"). The court agrees that further delay would burden CMDS by requiring it to wait significantly longer before it can take its case to trial despite the fact that its claims are ready for full adjudication on the merits. *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 35-36 (D.D.C. 2004) (denying stay

pending other cases "after five years of litigation [and] at the second round of dispositive motions").[1]

In contrast, the City's arguments that it faces hardship if the case is not stayed are unconvincing. The City contends that the state proceeding's outcome will be a critical consideration in deciding the federal claims. The court disagrees. The central federal question is whether, considering all of the information available to them at the time, the City's decisionmakers were motivated by discrimination in reaching their conclusion to deny CMDS's U&O permit application. *See CMDS*, 2024 WL 382633, at *16, 23 (reasoning that "the only issue [in the statutory claims] is whether CMDS has shown discriminatory action by the City" and holding that CMDS had adequately identified a similarly situated party for equal protection claim). The record contains evidence to suggest that they were uncertain about the correct interpretation of the law at issue, and that the City had in the past applied the law less strictly to other applicants. *See id.* at *23, 29. The judicial review action will only determine, after the fact, whether the City's conclusion was correct under the applicable City Code provisions, and if the BMZA reached its conclusion arbitrarily. *See In re Smart Energy Holdings, LLC*, 486 Md. 502, 548-49 (2024). But whether the City ultimately happened to correctly interpret the City Code in this instance does not significantly bear on whether discrimination played an inappropriate role in the City's calculus. Put differently, it is possible for the City to have gotten to the right answer in the wrong way: the remaining federal claims are concerned much more with the process than the result. *See Martin v.*

---

[1] The City's unpublished authority that delay alone cannot establish prejudice is not persuasive. *Barbagallo v. Niagara Credit Solutions., Inc.* dealt with forfeiture of the right to compel arbitration under the Federal Arbitration Act, which required the movant to "bear[] the heavy burden" of showing prejudice against it "in light of the federal policy favoring arbitration." No. 12-cv-1885-DKC, 2012 WL 6478956, at *3 (D. Md. Dec. 4, 2012). *Matherly v. Gonzales* merely concluded that a minor delay is insufficient when balanced against the likely benefits of a stay. No. 11-CT-3020-BR, 2013 WL 393335, at *2 (E.D.N.C. Jan. 31, 2013).

*Stewart*, 499 F.3d 360, 366-67 (4th Cir. 2007) (reasoning that "whether an impermissible purpose motivated . . . different treatment" "is [a] purely federal [question]").[2] The City correctly recognizes this, but nevertheless contends that the state proceeding's result is critically important evidence in determining its decisionmakers' motivations. *See* Mot at 4 ("Even if the state court proceeding will not determine the City's motive, its appraisal of the City's proffered reasoning touches on the credibility the jury will evaluate."). But the City's authority does not support this conclusion.

Despite recognizing that the two proceedings' ultimate questions are distinct, the City begins by attempting to analogize this case to others where federal courts have abstained from deciding issues of state law, dismissed claims for injunctive or declaratory relief, and stayed any remaining claims for damages. But the City's authority only stands for the proposition that federal damages claims should be stayed when the *same deciding question* for those claims will be resolved by the state court. In *MLC Automotive, LLC v. Town of Southern Pines*, where the Fourth Circuit affirmed the district court's decision to stay the substantive due process federal damages claim, that claim depended entirely on the resolution of the state law question: whether the plaintiff had a vested right in the property at issue. 532 F.3d 269, 282 (4th Cir. 2008). The same was true in *I-77 Properties, LLC v. Fairfield County*, 288 F. App'x 108, 111 (4th Cir. 2008) (per curiam), and the resolution of state law issues was similarly dispositive in *Virdis Development Corp. v. Board of Supervisors of Chesterfield County*, 92 F. Supp. 3d 418 (E.D. Va. 2015) (takings clause

---

[2] In *Martin*, the Fourth Circuit noted that the "similarly situated person" inquiry could involve an issue of state law, 499 F.3d at 366-67, but, because CMDS's comparator was granted a permit to use the same building under nearly identical circumstances, the City Code's correct interpretation would not have made a difference in how the two should have been treated, *see CMDS*, 2024 WL 382633, at *23 (noting that City's designee "concedes . . . that the applicants should have been treated the same under the zoning code").

claim dependent on a vested right) and *Johnson v. Collins Entm't Co.*, 199 F.3d 710, 723 (4th Cir. 1999) (RICO claim dependent on state law predicate offenses). Furthermore, the City contends that *Bryant Woods Inn, Inc. v. Howard County*, a case where the Fourth Circuit held that abstention was *not* necessary, supports its argument because the Fourth Circuit reasoned that the plaintiff "d[id] not contest the interpretation of local law" but rather only alleged discrimination, so the state law issues were not relevant to federal claims, and here CMDS did contest the interpretation of local law. 124 F.3d 597, 602 (4th Cir. 1997). But, as the court has explained, CMDS argues that the City *both* misinterpreted local law *and* discriminated: although CMDS has treated these as parts of the same chain of events, the two issues can be readily separated, and that is exactly what the court did by abstaining from the judicial review action and retaining jurisdiction over the discrimination claims. This case is distinguishable from others where a stay was granted pending dispositive state proceedings, and the City's argument is therefore inapposite.

The City next contends that the result of the state court proceeding will be important evidence in determining whether its decisionmakers acted with discriminatory intent. The City first argues that that result will have a significant bearing on the issue of whether the City's proffered reasoning for reaching its conclusion was pretextual. Mot. at 8-9. The City relies on *St. Mary's Honor Ctr. v. Hicks* for the proposition that "a reason cannot be proved to be a 'pretext *for discrimination*' unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." Mot. at 8 (quoting 509 U.S. 502, 515-16 (1993) (emphasis in original)). The City's citation of *St. Mary's* removes it from context. The Supreme Court did not suggest that the proffered reason must be *literally* false to show pretext, but rather that "the legitimate reasons offered by the defendant were not its true reasons." *St. Mary's*, 509 U.S. at 515 (quoting *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248, 253 (1981)); *see Reeves v. Sanderson Plumbing*

6

*Prods., Inc.*, 530 U.S. 133, 148 (2000) ("Thus, a plaintiff's prima facie case, combined with sufficient evidence to find that *the employer's asserted justification is false*, may permit the trier of fact to conclude that the employer unlawfully discriminated.") (emphasis added); *Anderson v. Westinghouse Savannah River Co.*, 406 F.3d 248, 269 (4th Cir. 2005) ("[A] plaintiff may establish pretext by proving that the defendant's explanation for an employment decision is 'unworthy of credence' or that the defendant's explanation is false." (quoting *Reeves*, 530 U.S. at 147)). In the terms of a simple illustrative example, if an employer fires a female employee for chronic lateness, and she is in fact chronically late, that employee can still argue pretext by showing that many male employees are also late at similar rates but do not face similar repercussions. *Cf. Baird ex rel. Baird v. Rose*, 192 F.3d 462, 467-68 (4th Cir. 1999). Proving whether the City's asserted reason for the denying the U&O permit (following the City Code) was its "true reason[]," *St. Mary's*, 509 U.S. at 515, requires determining whether the decisionmakers *believed* their conclusion was right, and whether they were influenced by discrimination in reaching that conclusion. It does not turn on whether that conclusion was *actually* correct, and the state court proceeding is thus not critical evidence.

The City also argues that the result of the state court proceeding will be probative evidence that may be helpful for its case, and that allowing the federal claims to proceed risks producing inconsistent results. Mot. at 10-14. Although the result may be helpful, as already explained, it will not be decisive, and the court is not convinced that the City has shown by "clear and convincing circumstances," *IRAP*, 323 F. Supp. 3d at 731, that the hardship it faces from proceeding to trial without this evidence outweighs the burden CMDS will experience in waiting an indefinite, and likely years-long, period before getting resolution of its claims. Additionally, the risk of inconsistent results is insignificant, given that, as explained, the federal and state proceedings

concern different legal questions. CMDS's equal protection claim presents a question that is closer to that addressed in the state proceeding, but the court has described the federal equal protection issue as focused narrowly on determining whether the City has adequately explained "the difference in treatment between the similarly situated parties." *CMDS*, 2024 WL 382633, at *23. The state court proceeding will review the CMDS denial in isolation, and its result therefore will not inherently conflict with the federal conclusion.

Finally, the court is not convinced that legal questions regarding the availability of damages warrant a stay. Many of the points made by the parties are federal legal questions and accordingly do not require delaying this case pending the state court proceeding. To the extent there are relevant evidentiary issues, trial can be bifurcated between liability and damages if necessary. Fed. R. Civ. P. 42(b).

## CONCLUSION

For the above-stated reasons, the City's motion to stay will be denied. A separate Order follows.

  __8/16/2024__   　　　　　　　　　　　　　　　　　　　　　__/s/__
Date　　　　　　　　　　　　　　　　　　　　　　　　　Catherine C. Blake
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge